# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **BLAND EDWARD MOUNCIL** | **CIVIL ACTION NO. 20-1332** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **JUSTIN DUNN, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Bland Edward Mouncil, a prisoner at Caddo Correctional Center proceeding pro se, filed this proceeding on approximately October 13, 2020, under 42 U.S.C. § 1983. He names the following defendants: Deputy Justin Dunn, Deputy Ryan Chapman, and Deputy Samos.[1] For reasons that follow, the Court should stay Plaintiff's claims against Deputies Dunn and Chapman and dismiss Plaintiff's claims against Deputy Samos.

## Background

Plaintiff alleges that after a high-speed police chase on October 21, 2019, he exited his vehicle, kneeled, and placed both hands above his head. [doc. #s 1, p. 3; 6, p. 2]. Deputy Dunn "exited his K-9 unit S.U.V. with his canine officer Samos held by a leash in his right hand, with his gun drawn in his left hand." [doc. # 1, p. 3]. Plaintiff "shouted and motioned with [his] left arm up and [his] right hand pointing to [his] right ear, 'I can't hear you.'" *Id.* "The sirens echoed off the building making it hard to hear." *Id.* "Deputy Justin Dunn shouted back, 'I know you can't hear.'" *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff immediately complied with Dunn's instructions, lying on the ground with his "arms stretched out and hands visible with no weapons or keys." *Id.* Deputy Chapman kneeled next to Plaintiff and placed Plaintiff's right arm on Plaintiff's lower back. *Id.* Plaintiff's left arm remained stretched "out on the ground." *Id.* Deputy Chapman stated, "Stop resisting!" *Id.* Plaintiff responded that he was not resisting. *Id.*

Plaintiff claims that within seconds Deputy Dunn instructed his canine, Deputy Samos, to attack because Dunn claimed that Plaintiff was attempting to flee or retrieve a weapon. [doc. # 6, p. 2]. Plaintiff maintains that he did not attempt to flee or retrieve a weapon; rather, he complied with all orders, he did not resist, he was not a threat, and he was unarmed, motionless, and defenseless. *Id.* at 2-3. He "made no attempt to give these deputies any reason to use force on [him]." *Id.* at 3.

Samos attacked Plaintiff from the crown of his head to the base of his neck. [doc. # 1, p. 4]. Plaintiff screamed and feared for his life, "snatching [his] hand away to protect [his] head area." *Id.* He heard Dunn and Chapman yell, "stop resisting." *Id.* Deputy Samos attacked Plaintiff's left bicep area, and Plaintiff "kept screaming that [he was] not resisting and to get the dog off [him]." *Id.* Plaintiff was still lying on the ground "while Officer Samos was biting and tugging [his] left arm bicep area, and [his] right arm was being held by Deputy Ryan Chapman." *Id.* at 4-5.

Plaintiff's left bicep and shoulder were injured, resulting in restricted motion in his shoulder, discomfort, and constant pain when he sleeps. *Id.* at 6. He suffers "frozen shoulder," the range of motion in his left shoulder "will never be the same," and he is permanently disabled. *Id.*

Plaintiff was later charged with careless operation, aggravated flight from an officer, resisting an officer with force or violence, and a drug crime (LA. REV. STAT. § 40:967). *Id.* at 5. The charges are pending. [doc. # 6, p. 1].

Plaintiff seeks $2,100,000.00 for his injuries, mental anguish, pain, suffering, and past, present, and future rehabilitation. [doc. # 1, p. 7].

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788

F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

### 2. Police Canine

Plaintiff names a police canine, Deputy Samos, as a defendant. A police canine, however, is not a "person" under 42 U.S.C. § 1983 (emphasis supplied), which provides in part: "Every *person* who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." *Ohlsson v. Normand*, 2011 WL 3563207, at *1–2 (E.D. La. July 27, 2011) (collecting cases), report and recommendation adopted, 2011 WL 3563292 (E.D. La. Aug. 12, 2011); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). The Court should dismiss Plaintiff's claims against Deputy Samos.

### 3. *Heck v. Humphrey* and *Wallace v. Kato* Considerations

Plaintiff alleges that Deputies Dunn and Chapman utilized excessive force on arrest; however, Plaintiff was charged with resisting an officer with force or violence. If Plaintiff is convicted of the pending charge, he may not be entitled to seek damages for excessive force until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a

successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters,[3] successful Section 1983 excessive force claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction for resisting an officer with force or violence and would, therefore, implicate *Heck*.

Plaintiff maintains that he did not resist the deputies. If, for example, Plaintiff establishes that the deputies used excessive force because he did not resist, he will have established that any resisting-arrest conviction is invalid.[4] See *Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) (finding, where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, that the claim was barred because it squarely challenged the factual determination that underlay his conviction for resisting an officer); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (finding, where the plaintiff was convicted of resisting arrest, disorderly conduct, and assault on a police officer, that the plaintiff's excessive-force claims were barred under *Heck* because "[h]is complaint present[ed] a single narrative of an unprovoked police attack; his 'broad claims of innocence relate[d] to the entire arrest encounter, and not

---

[3] *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.).

[4] Plaintiff does not distinguish, temporally or conceptually, his charge from the alleged excessive force.

merely a discrete part of it.'" (quoting *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013)).

Federal courts are authorized to stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied).

Here, Plaintiff's excessive force claims are related to rulings that will likely be made concerning his pending charge. Thus, the Court should stay his excessive force claims pending the outcome of the ongoing criminal prosecution.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bland Edward Mouncil's claims against Deputy Samos be **DISMISSED** as frivolous and for failure to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's excessive force claims against Deputies Dunn and Chapman be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he so chooses) in this action until the state court proceedings conclude; and

    d. Defendants shall not be required to answer these particular claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of December, 2020.

Karen L. Hayes
United States Magistrate Judge